IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT ALLEN,<br><br>                Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., *et al.*,<br><br>                Defendants. | Case No. 24-cv-02122-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Before the Court is a second motion seeking court recruited counsel filed by Plaintiff Albert Allen. (*See* Doc. 36, 37).[1] Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In denying Plaintiff's first motion for recruitment of counsel, the Court found that Plaintiff had not demonstrated reasonable efforts to obtain counsel on his own. (Doc. 35). Now, in his second motion, Plaintiff provides letters from two firms declining to represent him in this matter and a copy of a form authorizing payment for postage to send a letter to a third law firm on September 23, 2024. Based on these documents, the Court finds that Plaintiff has met his initial

---

[1] Plaintiff has filed two identical motions, and they are titled "Motion to Take Judicial Notice." The Court construes these motions as motions for recruitment of counsel.

burden of showing that he has made reasonable, yet unsuccessful, efforts to find a lawyer. That being said, the new motion for requirement of counsel is again **DENIED**.

In his original motion seeking counsel, Plaintiff asserts that he is unable to represent himself because he has limited knowledge of the law, and another inmate is assisting him in litigating this case. (Doc. 11). He also states that he is having difficulty accessing the law library due to staffing shortages and that because of the medical facts asserted in this case, he will require an expert to prove his claims. (*Id.*). Plaintiff does not provide any additional information in the newly filed motion further explaining why he is incapable of representing himself in this case.

Despite the arguments presented by Plaintiff, the Court finds that he is capable of proceeding *pro se* at this early stage and that he will be able to respond to the issue of whether he properly utilized the administrative grievance process prior to initiating this lawsuit. Not only does Plaintiff have the assistance of other inmates, but the issue of exhaustion is usually a straight-forward argument that does not require the need for counsel or extensive legal research. Indeed, the issue of exhaustion hinges on facts available to Plaintiff, specifically, if and when he filed grievances and appeals for his claim. For these reasons, the second motion seeking recruitment of counsel is denied. Once the issue of exhaustion has been resolved, and if Plaintiff is having difficulty conducting merits discovery, he may refile his motion.

**IT IS SO ORDERED.**

**DATED:** August 26, 2025

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**